UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY DOLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VERISK ANALYTICS, INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-06625-JD<br><br>**ORDER RE REMAND** |

Plaintiff Kristy Dole originally filed this lawsuit in the California Superior Court, County of Alameda, against defendants Verisk Analytics, Inc., Insurance Services Office, Inc., and Kurt Arthington, for violations of the California Fair Employment and Housing Act (FEHA), wrongful termination, and other claims under the California labor laws. Dkt. No. 1-1, Ex. A. Defendants removed the action to this Court on diversity grounds. Dkt. No. 1 at 4-5.

Dole has asked for the case to be remanded to state court because she and Arthington are citizens of California. Dkt. No. 12. Defendants say Arthington should be disregarded for diversity purposes on fraudulent joinder grounds. Dkt. No. 13. The parties' familiarity with the record is assumed, and the Court finds that the case was removed improvidently and without jurisdiction. It is remanded to the Superior Court. 28 U.S.C. § 1447(c).

**LEGAL STANDARDS**

Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). An out-of-state defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject-matter

1   jurisdiction. *Id.* § 1447(c).  The defendant always "bears the burden of overcoming the strong

2   presumption against removal jurisdiction," *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057

3   (9th Cir. 2018) (internal quotation and citation omitted), and any doubt about removal weighs in

4   favor of remand, *see Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir.

5   2014).  Principles of federalism, comity, and respect for the state courts also counsel strongly in

6   favor of scrupulously confining removal jurisdiction to the precise limits that Congress has

7   defined.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

8        To exercise diversity-of-citizenship jurisdiction under Section 1332, complete diversity is

9   required.  That means each plaintiff must have a different citizenship from each defendant.  *See*

10  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  There is no dispute that Dole and Arthington

11  are both citizens of California and thus lack diversity.  *See* Dkt. No. 1-1, Ex. A ¶¶ 1, 4; Dkt. No.

12  12 at 1-2; Dkt. No. 13.[1]  Consequently, defendants can remove under Section 1332 only if they

13  establish that Arthington was fraudulently joined.  *See Grancare, LLC v. Thrower by and Through*

14  *Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  If so, the presence of Arthington as a non-diverse party

15  can be disregarded and not counted against diversity jurisdiction.  *See Morris v. Princess Cruises,*

16  *Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

17       The Court extensively discussed fraudulent joinder in *Geiss v. Bayer HealthCare*

18  *Pharmaceuticals, Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854, at *2 (N.D. Cal. Mar. 18, 2019),

19  and the same principles apply fully here.  In pertinent part, there is a "'general presumption against

20  [finding] fraudulent joinder'" on top of the independent presumption against removal in all cases

21  under Section 1332, which imposes a particularly heavy burden on the defendant to prove.  *Id.*

22  (quoting *Grancare*, 889 F.3d at 548) (alteration in *Grancare*) (internal citation omitted).  A

23  defendant may establish fraudulent joinder by showing actual fraud in pleading jurisdictional

---

[1] The complaint alleges that Dole and Arthington both reside in California.  *See* Dkt. No. 1-1, Ex. A ¶¶ 1, 4.  While "residency and domicile for citizenship are not, strictly speaking, always the same," the Court applies the "'longstanding principle' that 'the place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *Boone v. FCA US LLC*, No. 21-cv-01519-JD, 2021 WL 5331440, at *2 (N.D. Cal. Nov. 16, 2021) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016)).  Because no such facts have been adduced, the allegations are sufficient to establish California citizenship for diversity jurisdiction.

facts, or that the plaintiff failed to state a claim against the non-diverse defendant. *See id.* Under the claim test, the action must be remanded if there is any possibility that a state court would find that the plaintiff stated a cause of action against any non-diverse defendant. *See id.*

Our circuit has emphasized that a "possibility" means just that--whether "'there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.* (quoting *Grancare*, 889 F.3d at 549) (alteration and emphasis in *Grancare*) (internal citation omitted). This is a lower standard than plausibility under Rule 12(b)(6) for failure to state a claim, and so the joinder of a non-diverse party will not necessarily be deemed fraudulent even if the claim could be dismissed. *See id.* In effect, the "possibility" standard is akin to the "'wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1).'" *Id.* (quoting *Grancare*, 889 F.3d at 549-50). If there is any possibility above the trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, "'the federal court must find that the joinder was proper and remand the case to state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

"The defendant has some leeway to present facts outside the complaint, but the complaint is usually the best guide in determining whether joinder was fraudulent, and in any event the defendant must prove fraudulent joinder by clear and convincing evidence." *Id.*; *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

## DISCUSSION

The question of a remand turns on the plausibility of Dole's state-law claims against Arthington. California Labor Code Section 558.1 provides for direct liability against a person "acting on behalf of an employer, who violates, or causes to be violated" various labor code provisions regarding wages, hours of work, and rest and meal periods. *See* Cal. Labor Code § 558.1(a). A "person acting on behalf of an employer" is "limited to a natural person who is an owner, director, officer, or managing agent of the employer." *Id.* § 558.1(b).

The term "managing agent" includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67

3

(1999); *see also King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 714 (2020) ("An employee exercising authority that results in the ad hoc formulation of policy is a managing agent.").[2] "[A] managing agent [is] more than a mere supervisory employee," but supervisory employees "who have broad discretionary powers and exercise substantial discretionary authority in the corporation could be managing agents." *White*, 21 Cal. 4th at 573, 577. The "critical inquiry is the degree of discretion the employees possess in making decisions," *King*, 53 Cal. App. 5th at 713 (internal quotation omitted), and that inquiry is "a question of fact for decision on a case-by-case basis." *White*, 21 Cal. 4th at 567.

Defendants say that Arthington is a run-of-the-mill supervisor and not a managing agent for purposes of Section 558.1. Dkt. No. 13 at 3-6. They also say that, even if Arthington were a managing agent, Dole cannot show that he caused the labor code violations at issue. *Id.* at 6-9.

Neither point is well taken. Overall, the record plausibly indicates that Arthington has discretionary authority for "ad hoc formulation of policy" as a managing agent for purposes of Section 558.1, *King*, 53 Cal. App. 5th at 714, and that Dole's claims against Arthington are not "wholly insubstantial and frivolous," *Geiss*, 2019 WL 1239854, at *2 (internal quotation omitted). As alleged in the complaint, Arthington was her manager at Verisk Analytics, and ordered Dole to falsify her time sheets, refused to pay her overtime wages, and declined to award her "points" for completing work assignments despite awarding points to male employees for similar assignments. *See* Dkt. No. 1-1, Ex. A ¶ 11-12, 49. Dole states in a declaration that Arthington also manages 25 Verisk Analytics field representatives across four states, Dkt. No. 12-2 ¶¶ 3-5, and has authority to classify representatives as exempt or non-exempt employees, modify the number of points representatives must earn to satisfy job requirements and be eligible for bonuses, and distribute work assignments and clients to representatives, *id.* ¶ 6-12.

This is enough to deny fraudulent joinder, and defendants have not adduced "clear and convincing evidence" warranting a different conclusion. *See Geiss*, 2019 WL 1239854, at *2.

---

[2] *White* and *King* interpreted the term "managing agent" in the context of Cal. Civil Code § 3294(b). This applies here because the term is defined identically in Section 558.1(b) of the Labor Code. *See* Cal. Labor Code § 558.1(b) ("'[M]anaging agent' has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.").

4

Arthington says that his "primary responsibility is supervising the day-to-day field survey operations in [his] assigned territory to ensure that corporate policies and procedures regarding quality and timeliness are maintained, and operations are efficient and cost effective," and that he never had authority to deviate from or otherwise determine corporate policies. Dkt. No. 13-1 ¶¶ 3-4. Defendants also suggest that "the Court should disregard any statements in Plaintiff's declaration" because Dole lacks personal knowledge of Arthington's "job duties, responsibilities or authorities." *See* Dkt. No. 13 at 5.

The problem for defendants is that these statements simply create disputes of fact that do not, in themselves, rule out any possibility of a viable claim against Arthington. *See White*, 21 Cal. 4th at 567. The main case that defendants cite, *Nguyen v. Ericsson, Inc.*, does not compel a different conclusion. *See* No. 17-cv-06453-EJD, 2018 WL 2836076, at *3 (N.D. Cal. June 11, 2018). The complaint in that case did not include allegations indicating that the non-diverse defendant had discretionary authority to qualify as a managing agent under Section 558.1, and the plaintiff did not submit admissible evidence to that effect in support of their motion to remand. *See id.* As discussed, the record here is not similarly deficient, and provides the information missing in *Nguyen*.

## CONCLUSION

The case is remanded to the Superior Court of California for the County of Alameda. Dole's request for an award of attorneys' fees under 28 U.S.C. § 1447(c) is denied. Removal was unsuccessful but not so objectively unreasonable as to warrant an award of fees.

**IT IS SO ORDERED.**

Dated: April 17, 2023

JAMES DONATO
United States District Judge